UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MATTHEW MCCORD,

        Defendant.

No. 1:26-CR-21

Hon. JANE M. BECKERING
U.S. District Judge

_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Matthew McCord and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>Plea to Misdemeanor Information.</u> Defendant agrees to plead guilty to the Misdemeanor Information charging Defendant with knowingly causing the transmission of a program or code resulting in damage to a protected computer in violation of Title 18, United States Code, Section 1030(a)(5)(A).

2.     <u>Defendant Understands the Crime.</u> In order for Defendant to be guilty of violating Title 18, United States Code, Section 1030(a)(5)(A), the following must be true: (1) Defendant knowingly caused the transmission of a program or code to a protected computer; (2) Defendant intentionally caused damage without authorization to the computer. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.     <u>Defendant Understands the Penalty.</u> The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code,

Section 1030(a)(5)(A), is the following: 1 year of imprisonment; a one-year period of supervised release; a fine of $100,000, and a mandatory special assessment of $25.

4. <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation.</u>

    a. <u>Assessment</u>. Defendant agrees to pay the special assessment on the day of sentencing.

    b. <u>Restitution</u>. Defendant acknowledges the Court will order restitution as required by law. Pursuant to Title 18 U.S.C. Section 3663(a)(3), Defendant agrees to pay full restitution to Corporate Victim 1. The parties currently believe that the applicable amount of restitution owing to Corporate Victim 1 is $72,894.63, which the government will recommend the Court order payable jointly and severally with co-defendants in Case No. 25-CR-148, *United States v. Goff, et al*, as appropriate, and recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing. The Court will determine the final amount at sentencing. Defendant agrees to pay restitution to the fullest extent possible at or before the time of sentencing by submitting funds to the Clerk of Court.

    c. <u>Financial Cooperation</u>. Defendant also:

        i. agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

    ii. agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

    iii. agrees that prior to sentencing and until criminal monetary penalties are paid in full, he will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

  5. <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

  Defendant developed a computer program (a Python script) designed to access the protected computer servers of Corporate Victim 1 with the intent of locating customer rewards, the equivalent of cash to be spent in Corporate Victim 1's stores. The Python script then caused the private data on Corporate Victim 1's protected computer servers to convert the customer rewards to "earned" status without the required level of spending by an actual customer in the stores. Defendant's Python script then automated the process of clipping the "earned" rewards and creating and populating customer loyalty accounts with the stolen rewards. On some occasions, Defendant transmitted the Python script from a location in New York to Corporate Victim 1's protected computer servers in the Western District of Michigan. On many other occasions, Defendant caused the transmission of the Python script to Corporate Victim 1's protected computer servers by making the Python script available to others who electronically transmitted the script across state lines to steal and redeem over $72,000 in fraudulent and unearned loyalty rewards in the stores of Corporate Victim 1 between December 2020 and June 2021. Defendant's intentional actions caused damage to Corporate Victim 1's protected computer system by changing the data on the private server to make it appear as if customer loyalty rewards had been legitimately earned and populated in legitimate customer loyalty accounts when, in truth and in fact, the loyalty rewards were stolen. Corporate Victim 1's protected

computers, which provide data communications to its retail stores in multiple states, were used in and affected interstate commerce and communication during all relevant times.

6. _Acceptance of Responsibility._ The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

7. _The Sentencing Guidelines._ Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the

statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

8. <u>The Parties Jointly Agree to the Following</u>:

   a. <u>Stipulations Regarding Guideline Factors</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | USSG §2B1.1(a)(2) |
| Specific Offense Characteristics (Specify): | | |
| Loss over $40,000 less than $95,000* | 6 | USSG § 2B1.1(b)(1)(D) |
| Sophisticated means: | 2 | USSG § 2B1.1(b)(10) |
| § 1030(a)(5)(A) conviction: | 4 | USSG § 2B1.1(b)(19) |
| Role adjustment | (2) | USSG § 3B1.2(b) |
| Zero-point offender reduction: | (2) | USSG § 4C1.1 |

*The parties agree that the Defendant's sentencing loss amount is $72,894.63, the amount of the loyalty rewards redeemed by other individuals. The parties further agree that Defendant should not be held responsible for the intended loss of $720,000.00 associated with another individual's storing of customer loyalty rewards that were unredeemed in fraudulent customer loyalty accounts, as that conduct was not reasonably

foreseeable to Defendant or within the scope of his jointly undertaken criminal activity under USSG § 1B1.3.

Defendant and the U.S. Attorney's Office each reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate.

    b.    <u>Stipulations Regarding Criminal History</u>. There is no agreement as to Defendant's criminal history or criminal history category.

    c.    <u>Stipulations Not Binding in Court</u>. Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

    9.    <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no

trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.    The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

10. <u>Waiver of Appellate Rights</u>. Defendant gives up his right to directly appeal his conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

11. <u>Hyde Waiver.</u> Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

12. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

13. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

14. <u>Consequences of Breach</u>.  If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

15. <u>This is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

16. <u>Deadline for Acceptance of Agreement</u>.  If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by 2/27/2026, this agreement will be withdrawn automatically and will

thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

2/27/2026
Date

TIMOTHY VERHEY
United States Attorney

RONALD M. STELLA
First Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

2/27/2026
Date

MATTHEW MCCORD
Defendant

I am Matthew McCord's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

2/27/2026
Date

KERRY BRAINARD VERDI
Attorney for Defendant

10